NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ALFRED LOUIS FAIELLA, | : | |
| | : | Case No. 05-50986 (RTL) |
| Debtor. | : | |
| | : | |
| C. STEWART SMITH and | : | |
| ESTELLE SMITH, | : | |
| | : | |
| Appellants, | : | Civil No. 07-3474 (AET) |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| ALFRED LOUIS FAIELLA, | : | |
| | : | |
| Appellee. | : | |
| | : | |

THOMPSON, U.S.D.J.

      This matter comes before the Court on appeal by C. Stewart Smith and Estelle Smith ("Appellants") from Judge Lyons's June 13, 2007 Opinion and Order of the Bankruptcy Court granting Debtor/Appellee Alfred Louis Faiella's ("Faiella") discharge of debts listed on a schedule filed in connection with his bankruptcy petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 et seq. The Bankruptcy Court also dismissed Appellants' claims that Faiella made false oaths about his financial affairs in connection with his bankruptcy petition. The Court has decided this appeal based on the submissions of the parties, and without oral argument pursuant to Fed. R. Bankr. P. 8012. For the reasons stated below, the Order of the Bankruptcy Court is affirmed.

BACKGROUND

A.    Factual Background

In its Opinion, the Bankruptcy Court found the following relevant facts. On October 14, 2005, Mr. Faiella, a lawyer, filed for bankruptcy under chapter 7 of the Bankruptcy Code. On October 28, 2005, he filed, under oath, schedules of his assets, liabilities, income, and expenses, and a statement of financial affairs pursuant to 11 U.S.C. § 521(1) and Fed. R. Bankr. P. 1007(b)(1). On these schedules, he listed, *inter alia*, the following information regarding his creditors and obligations: (1) a wage execution order for the monthly payment of alimony and child support to his ex-wife, Randy Faiella; (2) a judgment of approximately $21,679.10 owed to ALF Enterprises, Inc. ("ALF");[1] and (3) a judgment owed by Mr. Faiella to TLF Land, Inc. ("TLF"). He did not list ownership of any real property and did not list any interest in any business entity owned by his ex-wife. In re Faiella, No. 05-50986, 2007 Bankr. LEXIS 2042, at *2-3 (Bankr. D.N.J. June 13, 2007).

1.    Wage Execution Order

Alfred Faiella and Randy Faiella began to experience marital difficulties in 1985. At that time, they drafted a Property Settlement Agreement ("PSA") to govern the distribution of their jointly-held assets. Id. at *10. As part of the PSA, Mr. Faiella transferred the deed to the couple's home ("the Marlboro property") to Randy Faiella, who did not record the title transfer until 1989. Id. at *12. The couple divorced in 1992, and executed a modified PSA at that time. Id. at *13. Notwithstanding the divorce, Mr. Faiella has continued to reside with Randy Faiella

---

[1] This amount is an amended figure. Prior to engaging an auditor to verify the debt he owed, Faiella had filed a schedule that listed an amount of approximately $80,000 owed to ALF.

and their children at the Marlboro property, although he has left the home at Ms. Faiella's request for several months at a time on four occasions since 1985.  Id. at *16.  Mr. Faiella does not pay rent to Ms. Faiella, nor does he otherwise contribute to household expenses.  However, one of his expenses, as listed on his bankruptcy schedule, is approximately $6,375 per month in alimony and child support to Randy Faiella as a result of a wage garnishment order.  Id. at *2.

    2.    ALF

Alfred Faiella served as the registered agent for ALF, and his secretary was named as the incorporator and initial director.  However, Randy Faiella has been the sole shareholder, officer, and director of ALF since incorporation.  Trial testimony established that ALF had obtained a judgment against Mr. Faiella in state court in 1990, and that Randy Faiella had advanced monies to Alfred Faiella through ALF for which he remained obligated.  Id. at *18-19.

    3.    TLF

Randy Faiella also owns TLF.  In 2004, TLF purchased a judgment against Mr. Faiella for $30,000.  The judgment, originally in the amount of $274,504.90 plus interest at the time it was entered in 1995, had nearly doubled by the time TLF acquired it.  On September 23, October 8, and October 9, 2004, Mr. Faiella received three payments totaling $345,000 for legal fees from a client, and, according to his testimony at trial, endorsed the checks he received for those services directly to TLF in order to satisfy in part the judgment he owed.  Id. at *21-23.

B.    Procedural History

On March 23, 2006, Appellants filed an Adversary Complaint, challenging the discharge of Mr. Faiella's debts.  In the late 1980s, Appellants had been parties to a business transaction with Mr. Faiella and his business partner that did not come to fruition.  Appellants won a state

court judgment of approximately $1,506,000.00, and an additional $290,451.57 in prejudgment interest, against Mr. Faiella, which they have been unable to collect. Id. at *9.  In their Adversary Complaint, Appellants brought claims under 11 U.S.C. § 727(a)(4)(A), alleging that Mr. Faiella made a number of false oaths in connection with his bankruptcy petition that warranted a denial of discharge.  Specifically, Appellants alleged that Mr. Faiella's divorce in 1992 was a sham, and, subsequently, the judgments owed to TLF and ALF, and the wage execution order, were fraudulent transfers of his assets to his ex-wife, designed to prevent his creditors from reaching them.  Further, Appellants claimed that Mr. Faiella made false oaths in connection with his petition when he failed to disclose: (1) three payments he made to TLF allegedly within one year prior to filing for bankruptcy; (2) that he allegedly owned an interest in ALF; and (3) that he allegedly retained an interest in his marital home ("the Marlboro property"), which Mr. Faiella contends that he deeded to his wife in 1985, seven years prior to filing for divorce.

      The Bankruptcy Court ruled on a motion *in limine*, limiting Appellants to presenting evidence relating to the specific allegations contained in their Adversary Complaint and their answers to Mr. Faiella's interrogatories, i.e., the alleged fraudulent asset transfers and the alleged concealed interests in ALF and the Marlboro property.  Following a bench trial, the Bankruptcy Court entered judgment in favor of Mr. Faiella, granting a discharge of his debts and denying Appellants' claims that Mr. Faiella made false oaths in connection with his bankruptcy petition. Appellants now seek review of the Bankruptcy Court's Order.

JURISDICTION AND STANDARD OF REVIEW

      The Court has jurisdiction to hear appeals from final judgments, orders, decrees and, with leave of the court, from interlocutory orders and decrees entered by the Bankruptcy Court.  28

U.S.C. § 158(a).  The Court reviews the Bankruptcy Court's "findings of fact for clear error and exercise[s] plenary review over the Bankruptcy Court's legal determinations."  In re Pillowtex, Inc., 349 F.3d 711, 716 (3d Cir. 2003); see also Fed. R. Bankr. P. 8013.  Questions regarding the admissibility of evidence are reviewed for abuse of discretion.  In re Lisanti Foods, Inc., 329 B.R. 491, 511 (D.N.J. 2005).

## DISCUSSION

A.   Summary of Arguments

Appellants contend that the Bankruptcy Court abused its discretion by limiting them to presenting evidence that related only to the specific allegations raised in their Adversary Complaint and their interrogatory answers.  Specifically, Appellants argue that the Bankruptcy Court abused its discretion by precluding them from introducing evidence that would show that Mr. Faiella's divorce or Ms. Faiella's business entities were shams.  As a result, Appellants were unable to prove that Mr. Faiella's asset transfers to his ex-wife, TLF, and ALF were fraudulent.  Mr. Faiella argues that the Bankruptcy Court properly limited the scope of evidence to Appellants' allegations and interrogatory answers, and that the Bankruptcy Court did so in part as a response to Appellants' dilatory approach to discovery, including, *inter alia*, their failure to produce any documents during discovery and their failure to file the proposed findings of fact and conclusions of law as they were required to do under the Bankruptcy Court's Joint Scheduling Order.  Mr. Faiella asserts that allowing Appellants to produce evidence of claims that exceeded the scope of their pleadings at trial would have caused him a great deal of surprise and would have been unfair.

Appellants also argue that the Bankruptcy Court erred in finding that Mr. Faiella did not

make any false oaths in connection with his bankruptcy petition with respect to the following: (1) listing TLF as a creditor; (2) listing ALF as a creditor; (3) listing a wage execution order used to satisfy an obligation to pay alimony and child support to his ex-wife; (4) failing to disclose three payments he made to TLF prior to filing for bankruptcy; (5) failing to disclose that he had an interest in ALF; and (6) failing to disclose that he had an interest in the Marlboro property. Faiella argues that the Bankruptcy Court, after careful consideration of the documents he produced and the testimony he and his ex-wife gave at trial as Appellants' two principal witnesses, correctly found that he did not issue any false statements in connection with his bankruptcy petition.

Finally, Appellants contend that they are entitled to recover attorney fees, which the Bankruptcy Court denied. Mr. Faiella argues that Appellants cannot recover attorney fees in actions brought under 11 U.S.C. § 727.

B.   Evidentiary Rulings

In its Opinion, the Bankruptcy Court noted that, in ruling on Mr. Faiella's motion *in limine* prior to trial, Appellants would be permitted to present a "continuing concealment" theory with respect to Mr. Faiella's alleged retained interest in the Marlboro property and ALF, on the grounds that the allegations of the Adversary Complaint and answers to Faiella's interrogatories were sufficient to place Mr. Faiella on notice that Appellants planned to prove that his failure to list these interests on his bankruptcy petition constituted false oaths. In re Faiella, 2007 Bankr. LEXIS 2042, at *6-7 (Bankr. D.N.J. June 13, 2007). Appellants contend that the Bankruptcy Court improperly refused to allow them to "explore the relationship of Mrs. Faiella to TLF and Mr. Faiella," (Appellants' Br. at 12), which they assert may have enabled them to show that

"there was really a merger between the debtor and creditor status so that it was no longer a true debt owed by Mr. Faiella." (Id.)  During Appellants' examination of Randy Faiella about TLF, the Bankruptcy Court identified that the false oath claims raised by Appellants limited the relevant issue for trial to "whether there was legitimate judgment that was still outstanding when Mr. Faiella filed bankruptcy and listed TLF as a judgment creditor."  (Hr'g Tr., Apr. 25, 2007, Appellee's App. D581.)  Similarly, the Bankruptcy Court refused to permit Appellants to present evidence that Alfred Faiella was the actual owner of Randy Faiella's business entities on a theory that these entities operated as his alter ego.  The Bankruptcy Court noted that "[t]here's an allegation [in the Adversary Complaint] that [Alfred Faiella] created sham judgments held by his wife's companies, but not that his wife's companies really belong to him."  (Hr'g Tr., Apr. 24, 2007, Appellee's App. D469.)

The Court, having reviewed the trial transcript and Opinion, does not find that the Bankruptcy Court abused its discretion in limiting Appellants to the allegations pleaded in their Adversary Complaint and the facts raised in their interrogatory answers.  Appellants, having failed to file a proposed findings of fact and conclusions of law as required by the Joint Scheduling Order, were held to the theories that they pled in their Adversary Complaint, i.e., that Mr. Faiella made false oaths in connection with his bankruptcy petition.  It was not an abuse of discretion by the Bankruptcy Court to preclude Appellants from raising theories at trial that did not necessarily flow from their stated claims.  See SEC v. Infinity Group Co., 212 F.3d 180, 198 (3d Cir. 2000) (upholding district court's decision to exclude evidence not listed in pre-trial statements on basis that opposing party was "entitled not to be surprised.").

C.     False Oaths

Under 11 U.S.C. § 727(a)(4)(A), a debtor is denied a discharge of his debts if "the debtor knowingly and fraudulently, in or in connection with the case - (A) made a false oath . . . ." In order to prevail in an action alleging that a debtor made false oaths on a statement of financial affairs, a plaintiff must prove that (1) the debtor knowingly and fraudulently made a false oath that (2) relates to a material fact. Scimeca v. Umanoff, 169 B.R. 536, 542 (D.N.J. 1993).

1.   ALF Judgment

The Bankruptcy Court considered Mr. Faiella's testimony regarding the circumstances surrounding the debt he owed to ALF, as well as the reason offered by Mr. Faiella for filing an amended schedule reducing the amount owed from $80,000 to $21,679.10. His testimony regarding the propriety of listing ALF as a creditor on his bankruptcy schedule was not controverted by Appellants at trial. The Bankruptcy Court also considered a state court judgment that ALF obtained against Mr. Faiella in 1990 as evidence of an obligation that he had incurred. Additionally, Randy Faiella also testified that she had advanced monies to Mr. Faiella through ALF, and that the judgment obtained by ALF was comprised of these advances plus $27,000 owed by Mr. Faiella under the terms of the PSA. Appellants, having offered no evidence at trial to refute the validity of the money owed by Mr. Faiella to ALF, cannot claim now that it was clearly erroneous for the Bankruptcy Court to have found that Mr. Faiella did not make a false statement when he listed ALF as a creditor on his bankruptcy schedule.

2.   TLF Judgment

TLF acquired a judgment owed by Mr. Faiella to the FDIC through a series of assignments. Mr. Faiella listed TLF as a creditor and the balance due on the judgment on his bankruptcy schedule. Appellants argue that, because Faiella's ex-wife owns TLF, the judgment

owed to TLF is fraudulent, and that his assets were used to purchase the judgment. The Bankruptcy Court found that there was no evidence that Mr. Faiella's assets had been used to purchase the judgment, nor was there proof that he otherwise acquired ownership of the judgment. Thus, the Bankruptcy Court found that Mr. Faiella did not make a false oath by listing TLF as a creditor on his schedule. This finding is not error.

       3.      Wage Execution Order

In considering whether the wage execution order that Faiella listed on his schedules represented a true obligation, the Bankruptcy Court considered the fact that the PSA, as modified by the Faiellas in 1992, gave Randy Faiella the right to seek such an order. The Bankruptcy Court also noted that the final judgment of divorce, granted by the Superior Court of New Jersey, referenced the PSA, and therefore made Alfred Faiella legally obligated to support his wife and children. Thus, the Bankruptcy Court's finding that the wage execution order listed on the schedule was not a false oath is not clearly erroneous.

       4.      Payments to TLF

Appellants contend that, because the payment of approximately $345,000 in three installments to TLF was fraudulent, Mr. Faiella lied when he omitted this amount from the schedule listing his assets. The argument that this transfer was fraudulent rests on Appellants' theory, which they were precluded from raising at trial, that TLF was the alter ego of Alfred Faiella. As discussed above, the Bankruptcy Court did not abuse its discretion by preventing Appellants from pursuing this theory during trial. Moreover, the Bankruptcy Court found that the only evidence of payments to TLF was testimony that three checks, all dated more than one year before Mr. Faiella filed for bankruptcy, were endorsed to TLF. Because Mr. Faiella was not

required to disclose payments made to insiders more than a year before his bankruptcy case commenced, the Bankruptcy Court found that his failure to list those payments did not constitute a false oath. This finding was not clearly erroneous, and will not be disturbed on appeal.

      5.      <u>Interest in ALF</u>

Appellants alleged that Mr. Faiella concealed an interest in ALF, and used the entity as a vehicle for his real estate investments. Appellants also claimed that Randy Faiella held the corporate stock in her name for Alfred Faiella's benefit. However, the Bankruptcy Court found that Appellants did not furnish any evidence to support their allegations. Moreover, the Bankruptcy Court found that Mr. Faiella's involvement in ALF did not extend beyond the role he played in forming and incorporating the entity and occasionally rendering legal services, and that Randy Faiella has been the sole shareholder, officer, and director since incorporation. The Bankruptcy Court also found Randy Faiella to be knowledgeable about ALF's business affairs and that she had used her own funds to purchase ALF's real estate investments. Although Mr. Faiella testified that he had, on occasion, signed corporate checks on behalf of Ms. Faiella, he only did so with her express authorization. The Bankruptcy Court also found that Mr. Faiella had invested in real estate through other entities. Thus, the Bankruptcy Court did not err by finding that Mr. Faiella had not made a false statement when he did not disclose an interest in ALF on his bankruptcy schedule.

      6.      <u>Interest in the Marlboro Property</u>

Appellants argue that under the continuing concealment doctrine, the Bankruptcy Court should deny a discharge because Mr. Faiella has continued to reside at the Marlboro property and enjoy the benefits of ownership despite having transferred title to his ex-wife in 1985. A court

may find continuing concealment where the debtor has retained a secret interest in the property, which may be evidenced by a right to reconveyance on demand or a right to live rent-free. Rosen v. Bezner, 996 F.2d 1527, 1531-32 (3d Cir. 1993). Failure to disclose a concealed interest may constitute a false oath under the Bankruptcy Code. Keeney v. Smith, 227 F.3d 679, 686 (6th Cir. 2000).

Relying on the testimony of both Alfred Faiella and Randy Faiella, the only evidence on this issue offered by Appellants, the Bankruptcy Court found that, although Mr. Faiella continues to reside with his ex-wife and children at the Marlboro property, he does so at Ms. Faiella's sufferance. Moreover, the Bankruptcy Court even engaged in a colloquy with Ms. Faiella to satisfy itself that Alfred Faiella resides at the Marlboro property at her sufferance, meaning that Mr. Faiella could and did vacate the premises whenever Ms. Faiella asked him to do so. (Hr'g Tr., Apr. 25, 2007, Appellee's App. D638-40.)

Appellants' argument that the Bankruptcy Court misapplied Rosen is deficient. While Appellants are correct that the Third Circuit held that the issue of whether a debtor retained a concealed interest in property could not be decided on summary judgment, Rosen, 996 F.2d at 1532 n.5, here, the Bankruptcy Court found that Mr. Faiella had not retained an interest in the Marlboro property after conducting a trial on the issue. The Bankruptcy Court considered not only the fact that Mr. Faiella had transferred title to the Marlboro property to his ex-wife yet continued to reside there with few interruptions, but it also considered Randy Faiella's testimony that she could and had asked Mr. Faiella to leave the home at her sufferance and, moreover, had left the property to her children in her will.

Similarly, Appellants' attempt to identify similarities between Mr. Faiella's property

transfer and those in In re Olivier, 819 F.2d 550 (5th Cir. 1987) and In re Boba, 280 B.R. 430 (Bankr. N.D. Ill. 2002) fails. The property transfers at issue in Olivier and Boba took place in close temporal proximity to commencement of a personal injury lawsuit and filing for bankruptcy, respectively, giving rise to an inference that the parties sought to frustrate judgment or creditors by reducing their assets. Here, the Bankruptcy Court found that Mr. Faiella transferred title to the Marlboro property in 1985, twenty years before filing for bankruptcy. Thus, the Bankruptcy Court's finding that Mr. Faiella did not make a false statement when he failed to disclose an interest in the Marlboro property was not clearly erroneous.

C.     Attorney Fees

The Court reviews the Bankruptcy Court's denial of attorney's fees for abuse of discretion. In re Gioioso, 979 F.2d 956, 959 (3d Cir. 1992). The Bankruptcy Court noted that Appellants "cited no authority for awarding attorney's fees in this type of adversary proceeding," In re Faiella, 2007 Bankr. LEXIS 2042, at *3, and, therefore, only considered the merits of Appellants' false oaths claims. While Bankr. Rule 9011 permits the award of attorney's fees against parties who file falsified certifications, In re Gioioso, 979 F.2d at 960; In re Schaefer Salt Recovery, Inc., No. 05 Civ. 5484, 2006 U.S. Dist. LEXIS 70571, at *18-19 (D.N.J. Sept. 27, 2006), the Bankruptcy Court found that Mr. Faiella had not made a false oath in connection with his bankruptcy petition. Therefore, the Court holds that it was not an abuse of discretion to deny Appellants their claim for attorney's fees.

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 14th day of February, 2008,

ORDERED that the June 13, 2007 Order of the Bankruptcy Court is AFFIRMED.


   s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.